Mr. Tustice Trezevant,
who tried this cause at Edge-field district, reported, that it had come out in evidence, that the defendant, being concerned in a horse race, had persuaded a negro boy belonging to the plaintiff to ride his horse, without the consent- of his master. In the course of the race the horse threw the boy against a tree, and killed ’ J u him on the spot. It was for the value of this boy that the suit was brought, and the jury gave a verdict for the plaintiff to the amount of 450 dollars.
The ground upon which this motion was made was, that tbe master or plaintiff was present on the course, and saw the boy mount the horse, and did not forbid it. This circumstance, it was contended, amounted to a tacit acquiescence on the part of the owner, and debarred him of any right to recover damages against the defendant. It was compared to a loan of a horse, or any other property, for a particular purpose, where the lender, by the act of lending, impliedly agrees to run all the risks attendant on the purposes and designs for which the loan was made. And if the borrower is guilty of no gross neglect, but exercises the ordinary care and diligence in the use and management of the thing loaned, that is, such care and circumspection as men usually observe for the protection of their own property, and an accident happens, the borrower is not liable.
Against the nonsuit, it was urged, that there was a great difference between a voluntary loan for a particular purpose, where the lender has an opportunity of considering and calculating on the chances of the injury the thing lent incurs, and an officious interference with another man’s property without his will and consent. In the former case, a borrower is not liable for injuries which happen, where usual *465 •care and diligence are used to protect the property loaned ; but in the latter case, the person interfering with another’s property, without his will and consent, was liable to all the consequences, and responsible for all damages, the owner may sustain by his presumption.
The Judges,
after argument for and against the motion., were unanimously against the new trial, on the ground that a man who officiously presumes to interfere with, or make use of, the property of another without his permission, is liable for all the consequences of such interference, whether he intended any injury to the owner or not.
The plaintiff’s seeing the boy mount, and not forbidding it, did not alter the case, and the more especially as defendant might so easily have asked his permission. It does not imply his consent, for he might not have wished to offend a neighbour by what might have been construed into a rude prohibition to the contrary. The plaintiff appears to have been perfectly passive on the subject, while, on the other hand, defendant took every thing on himself. At all events., as the whole case has been fairly before the jury, who have found for the plaintiff, they did not think proper to disturb their verdict.
Rule for a new trial dismissed.
All the Judges present.